## GUARANTY SECURITIES CORPORATION et al. v. MARSHALL.

### No. 10965.

Court of Civil Appeals of Texas. Galveston.

July 29, 1940.

For former opinion, see 140 S.W.2d 262.

Cole, Patterson & Cole, of Houston, for movants, L. O. Tarrant and John Massey.

Lewis W. Cutrer, of Houston, for respondents.

PER CURIAM.

In the case of Guaranty Securities Corporation et al., plaintiffs in error v. Marshall, Tex.Civ.App., 140 S.W.2d 262, L. O. Tarrant and John Massey were sureties on the supersedeas bond executed by the plaintiffs in error. As will appear from the opinion in that case, we affirmed the judgment of the trial court as to item No. 1, being for $2,050; and we reversed and remanded the judgment of the trial court as to item No. 2, being for $1,908; and we reversed and rendered the judgment of the trial court as to item No. 3, being for $3,600. Judgment was summarily rendered against the sureties for the sum of $2,050, and our clerk sent a copy of the judgment to the attorneys of both sides on the date judgment was entered. No application for a writ of error to the Supreme Court was filed, and thereafter, in regular course, the mandate on the judgment was regularly issued from this court on June 24, 1940, and filed in the trial court on the next day.

On July 6, 1940, L. O. Tarrant and John Massey, sureties as aforesaid, filed a motion in this court for the recall of the mandate issued by this court, and that this court correct its judgment by vacating so much thereof as awarded summary judgment against the sureties on the supersedeas bond for the sum of $2,050. The said Tarrant and Massey also have moved for an injunction enjoining the execution of this court's judgment against the sureties on the supersedeas bond, and in that connection show that the sheriff of Montgomery County has levied execution on lands belonging to the said Tarrant and will sell the same at execution sale on the 6th day of August, 1940, unless enjoined from so doing.

We have no doubt that Tarrant and Massey are legally bound by the supersedeas bond to pay the amount of the judgment affirmed against plaintiffs in error. In rendering summary judgment against the sureties on the supersedeas bond that they pay the amount of the judgment affirmed against the plaintiffs in error, we necessarily decided that we had the jurisdiction which we exercised. We decline now to reopen the case, after the mandate has been filed in the trial court, to reconsider the judgment rendered by us in said cause. It is not in the public interest that a mandate be recalled, and the judgment upon which it is issued be reconsidered upon grounds which should have been presented, if at all, when the case was before us, and before mandate had issued on the judgment. We therefore, refuse the motion to recall the mandate and to consider the judgment.

Upon the same consideration, it is obvious that the motion for injunction should also be refused, which is accordingly done.